# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**SYDARIUS REYNOLDS**,

    Plaintiff,

v.

**CITY OF ADEL, GEORGIA, et al.**,

    Defendants.

Civil Action No. 7:19-CV-91 (HL)

## ORDER

Before the Court is Defendants Taylor Greene and Nick Masters'[1] Motion for Summary Judgment. (Doc. 13). Plaintiff Sydarius Reynolds filed this pro se action pursuant to 42 U.S.C. § 1983 and Georgia tort law seeking damages against Defendants Taylor Greene and Nick Masters. (Doc. 1). For reasons discussed below, Defendants' Motion for Summary Judgment is **GRANTED**.[2]

## I.   FACTUAL BACKGROUND

On April 11, 2019, Plaintiff drove down West Fourth Street in Adel, Georgia. As he approached an intersection, he made a complete stop at a stop sign, while the passenger in his vehicle obtained directions on a GPS. Defendant Greene, a

---

[1] In Plaintiff's Complaint, he named one of the officers involved in the traffic stop as John Doe. Defendants' Motion for Summary Judgment identifies John Doe as Nick Masters. (Doc. 13).

[2] Defendants filed their Motion for Summary Judgment on October 13, 2020. (Doc. 13). On October 15, 2020, the clerk notified Plaintiff of Defendants' motion. (Docs. 14, 15). As of this date, Plaintiff has neither filed a response nor requested an extension to file a response.

law enforcement officer, immediately flashed his lights at Plaintiff to conduct a traffic stop. Defendant Greene told Plaintiff that he initiated the traffic stop because he saw Plaintiff either texting or talking on his cell phone. Plaintiff denied using his phone while driving and offered to show Defendant Greene the call log on his phone. Defendant Greene declined to look at the call log. He said that he did not observe Plaintiff using his phone. Rather, Defendant Greene relied upon the observations of Defendant Masters, another law enforcement officer. Defendant Greene issued Plaintiff a traffic ticket for a Hands Free Violation under O.C.G.A. § 40-6-241(c). (Doc. 1-1). That provision restricts use of wireless devices while operating a motor vehicle. *See* O.C.G.A. § 40-6-241(c).

This Court granted Plaintiff's motion to proceed in forma pauperis. (Doc. 4). After conducting a preliminary screening, the Court dismissed some of Plaintiff's claims as frivolous. (*Id.*). The Court permitted Plaintiff's § 1983 Fourth Amendment claim to proceed. Plaintiff alleges that Defendants lacked probable cause to initiate a traffic stop for using a wireless device while driving. According to Plaintiff, he was not using any device. Rather, he alleges that Defendants fabricated the allegations against him to initiate an illegal stop. On June 26, 2019, Plaintiff was tried and convicted of the traffic offense. (Doc. 13-1, p. 3). He did not appeal this conviction.

## II.   SUMMARY JUDGMENT STANDARD

A principal purpose of the summary judgment rule is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Courts grant summary judgment when "the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Each party may support their factual assertions by citing to evidence in the record, including the discovery and disclosure materials on file, affidavits or declarations, stipulations, or other materials. Fed. R. Civ. P. 56(c)(1). When considering a motion for summary judgment, the court evaluates all the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The court may not make credibility determinations or weigh the evidence. *Id.*; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Credibility determinations and weighing of the evidence are functions solely of a jury—"not those of a judge." *Anderson*, 477 U.S. at 255.

## III.   DISCUSSION

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's § 1983 claim. Under *Heck*, "the district court must consider whether a [civil] judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487. But if "it is possible that a § 1983 suit would not negate the underlying conviction,

3

then the suit is not *Heck*-barred." *Dryer v. Lee*, 488 F.3d 876, 879–80 (11th Cir. 2007).

Allegations that Defendants lacked probable cause to initiate the traffic stop, and that Defendants lied about observing Plaintiff using his cell phone call into question Plaintiff's underlying conviction. *See* O.C.G.A. § 40-6-241(c). If Plaintiff's claims succeed, they would negate an element of his conviction—namely, that he was using a cell phone—and imply that his conviction is invalid. To proceed with a § 1983 claim under such circumstances, the plaintiff must first "prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. If the conviction has not already been invalidated, then a § 1983 claim implying its invalidity is not cognizable. *Id.*

Plaintiff has not shown that his conviction has been invalidated. Therefore, he cannot maintain his § 1983 claim against Defendants. Accordingly, Plaintiff's Complaint is **DISMISSED**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment. (Doc. 13). Accordingly, Plaintiff's Complaint is **DISMISSED**. (Doc. 1).

4

**SO ORDERED**, this 15th day of January, 2021.

                                       */s/ Hugh Lawson*
                                       **HUGH LAWSON, SENIOR JUDGE**

kac